14-2666-cr
*United States v. Marte-Cruz*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY
FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST
CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION
"SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON
ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second
Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in
the City of New York, on the 29th day of October, two thousand fifteen.

PRESENT:    ROBERT D. SACK,
            DENNY CHIN,
            CHRISTOPHER F. DRONEY,
                     *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                     *Appellee*,

                v.                                    14-2666-cr

HENRY MARTE-CRUZ,
                     *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                      ILAN GRAFF, Margaret Garnett, Assistant
                                   United States Attorneys, *for* Preet Bharara,
                                   United States Attorney for the Southern
                                   District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:     MARILYN S. READER, Law Office of Marilyn
                             S. Reader, Larchmont, New York.

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Henry Marte-Cruz appeals from the district court's judgment entered July 2, 2014, convicting him, following a three-day jury trial, of unlawful transportation of a firearm, in violation of 18 U.S.C. § 922(a)(3). The district court sentenced Marte-Cruz principally to thirteen months' imprisonment and three years' supervised release. On appeal, Marte-Cruz challenges the district court's decision, rendered orally on November 1, 2013, denying his motion to suppress evidence obtained during a search of his bedroom. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's ruling on a motion to suppress for clear error as to its factual findings and *de novo* as to its conclusions of law. *United States v. Bershchansky*, 788 F.3d 102, 108 (2d Cir. 2015).

The relevant facts, as found by the district court, are as follows: Marte-Cruz resided in a bedroom in the basement of a home owned by his aunt and uncle. Marte-Cruz did not pay for rent or utilities, or otherwise contribute to household expenses except for occasionally paying a few dollars for high speed cable. A closet in

Marte-Cruz's bedroom also served as a household storage space for things like luggage, paper towels, and other home goods, and the bedroom contained an electrical box that held the circuit breakers for the house, which was also frequently accessed by others who lived in the house. The door of the basement bedroom had a lock on it, but only the aunt had the key and she did not share it with Marte-Cruz or others. Marte-Cruz was able to lock the door from the inside when he was there, but the door was usually left open and unlocked when he was not present. Family members had free access to the bedroom, and they regularly accessed it once or more a week. Marte-Cruz was aware that family members were accessing his bedroom at will, and he did not object or take any steps to stop them from doing so.

On November 1, 2011, after the aunt informed police officers that Marte-Cruz kept a firearm in his bedroom, the uncle voluntarily gave consent to police officers to search the basement bedroom. With the uncle's assistance, the officers discovered and seized a firearm in Marte-Cruz's bedroom between the mattress and boxspring of his bed, and he was subsequently charged with unlawful transportation of a firearm. Marte-Cruz moved to suppress the evidence seized from the search, arguing that, *inter alia*, the uncle did not have actual authority to consent to a search of his bedroom. The district court denied the motion, holding that the uncle had "actual authority to consent" to the search of the basement bedroom and that "the officers were entitled to enter [the

basement bedroom] based on his consent and seize the weapon that they found there."
App. at 137-38.

We agree. A valid search generally requires both probable cause and a warrant, unless it falls into one of the recognized exceptions to these requirements. *See Moore v. Andreno*, 505 F.3d 203, 208 (2d Cir. 2007). "One such exception is that a warrantless entry and search are permissible if the authorities have obtained the voluntary consent of a person authorized to grant such consent." *United States v. Elliott*, 50 F.3d 180, 185 (2d Cir. 1995); *see also Florida v. Jimeno*, 500 U.S. 248, 250-51 (1991) ("[W]e have long approved consensual searches because it is no doubt reasonable for the police to conduct a search once they have been permitted to do so."). A third party has actual authority to provide consent to search if "first, the third party had access to the area searched, and, second, either: (a) common authority over the area; or (b) a substantial interest in the area; or (c) permission to gain access." *United States v. Davis*, 967 F.2d 84, 87 (2d Cir. 1992).

On appeal, Marte-Cruz does not challenge the uncle's authority to consent to a search of his bedroom, but argues that the uncle lacked authority to consent to the search of his bed. He asserts that the district court should have undertaken a separate analysis as to the uncle's authority to consent specifically to a search of the area between the mattress and the box spring. We reject this argument.

Marte-Cruz was aware that other family members had largely unfettered access to the bedroom, and he took no steps to restrict that access (other than when he was present) or to indicate to the other family members that any particular areas within the room were off limits to them. While it may be that there were certain areas or items within the room to which the uncle's authority to consent did not extend, there is no basis in the record to conclude that the area between Marte-Cruz's mattress and box spring was one of them. Thus, the district court's conclusion that the uncle had the authority to consent to the search of the area where the gun was located is well-supported by the record and suffices to establish the constitutionality of the search at issue. *See United States v. McGee*, 564 F.3d 136, 139 (2d Cir. 2009) ("Authority to consent to a search rests on 'mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.'" (quoting *United States v. Matlock*, 415 U.S. 164, 171 n.7 (1974))). Accordingly, we affirm the district court's denial of Marte-Cruz's motion to suppress because the uncle had actual authority to consent to the search of Marte-Cruz's bedroom and bed.

We have considered Marte-Cruz's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk